# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

No. 20-0709V

UNPUBLISHED

|  |  |
|---|---|
| FLORAIDA MARTINEZ, as natural guardian and legal representative of her minor daughter, M.M., <br><br>                       Petitioner, <br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br>                       Respondent. | Chief Special Master Corcoran <br><br> Filed: October 27, 2020 <br><br> Special Processing Unit (SPU); <br> Ruling on Entitlement; Concession; <br> Table Injury; Influenza (Flu) Vaccine; <br> Guillain-Barre Syndrome (GBS) |

*Lawrence R. Cohan, Saltz, Mongeluzzi & Bendesky, Philadelphia, PA, for petitioner.*

*Terrence Kevin Mangan, Jr., U.S. Department of Justice, Washington, DC, for respondent.*

## RULING ON ENTITLEMENT[1]

On June 12, 2020, Floraida Martinez, as natural guardian and legal representative of her minor daughter, M.M., filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that M.M. suffered Guillain-Barre Syndrome ("GBS") as a result of an influenza ("flu") vaccine received on December 13, 2017. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On October 26, 2020, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent agrees "that petitioner's alleged injury is consistent with GBS and that it meets the requirements of a Table injury claim for GBS stemming from the flu vaccination on December 13, 2017." *Id.* at 4. Respondent further agrees that he "did not identify any other causes for M.M.'s injury, and records show that she suffered the sequelae of this injury for more than six months . . . . Therefore, based on the record as it now stands, petitioner has satisfied all legal prerequisites for compensation under the Act." *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master